UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE L. FAMOUS,

        Petitioner,

v.                                            Case No. 10-C-0707

BYRAN BARTOW,

        Respondent.

ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION (DOC. # 9), STRIKING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 13), GRANTING MOTION FOR STAY AND ABEYANCE (DOC. # 16), DENYING AS MOOT MOTION FOR STAY AND ABEYANCE (DOC. # 3), DENYING MOTION FOR AN ORDER THAT STATE PAY FOR LEGAL EXPENSE OR GRANT LEGAL LOAN REQUEST (DOC. # 17), AND DENYING AS MOOT MOTION FOR AN ORDER THAT STATE PAY FOR LEGAL EXPENSE OR GRANT LEGAL LOAN REQUEST (DOC. # 4)

On October 28, 2010, Ronnie Famous, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the United States Constitution. Famous submits that he was convicted following a jury trial in the Racine County Circuit Court of four counts of first degree sexual assault of a child as a persistent repeater and one count of exposing a child to harmful material as a repeater. His petition states that he was sentenced on December 4, 1998, to life without parole and later resentenced to 168 years on January 21, 2000. Famous is incarcerated at the Wisconsin Resource Center.

I. MOTION FOR STAY AND ABEYANCE

On August 17, 2010, Famous filed a habeas petition that did not comply with Civil Local Rule 9(a)(1) (E.D. Wis.) requiring petitioners to file their requests for habeas corpus relief on standard forms supplied by the Clerk of Court. In an August, 18, 2010,

order, this court denied the initial petition and directed Famous to file an amended petition on the standard forms. On October 28, 2010, Famous filed two amended habeas petitions and a motion for stay and abeyance. The First includes five unexhausted claims that are omitted from the Second Amended Petition. Famous's Motion for Stay and Abeyance (Doc. # 16), explains that his "First Amended Petition contains both exhausted and unexhausted claims" and "request[s] that his mixed petition not be dismissed because petitioner is seeking a stay and abeyance. . . ." He then goes on to advise that he "is filing the enclosed proposed Second Amended Petition and Second proposed Amended Memorandum in Support of petition that temporarily delete the un-exhausted claims. Petitioner asks that the court file the Amended Petition, conditional upon the court granting petitioners [sic] motion to stay it while petitioner returns to State court to exhaust petitioners [sic] un-exhausted claims. . . . [A]nd upon returning to Federal Court after completion of exhaustion petitioner will promptly submit a third Amended Petition that will contain both the previously exhausted claims in the Second Amended Petition which were stayed, along with the newly exhausted claims." Mot. For Stay and Abeyance, p. 1. It is clear from this motion that Famous does not desire to move forward on the Second Amended Petition, but filed it because he thought he needed to do so to keep his case open. Obviously, Famous wants to proceed on the petition that includes the exhausted and unexhuasted claims as his motion for stay and abeyance makes clear. Because the court is accepting Famous's First Amended Petition, his motion for an extension of time to file an amended petition will be granted.

        In *Rhines v. Weber*, the Supreme Court held that in certain circumstances, district courts may grant a stay and abeyance to habeas petitioners who have both exhausted and unexhausted claims. 544 U.S. 269, 277 (2005). However, a stay and

abeyance is appropriate only when "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Further, even if the court determines that there was good cause for the failure to exhaust all claims first, "the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless." *Id.* Thus, under *Rhines*, Famous must demonstrate good cause for failing to exhaust all claims timely, and the unexhausted claims must be meritorious. *Id. See also Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("And, for nearly a decade, we have informed the district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action.")

In this case, Famous's unexhausted claims include: ineffective assistance of trial counsel relating to a Sixth Amendment violation of Famous's right to represent himself and due process violations related to his right to offer a defense and favorable testimony at trial; ineffective assistance of appellate counsel relating to failure to address trial counsel's ineffectiveness and newly discovered evidence; and the trial court's abuse of discretion by impaneling an anonymous jury.

Famous asserts that he failed to exhaust these claims for several reasons. First, he states that he could not exhaust his claims because his appellate counsel was ineffective. Famous indicates that there was also delay caused by his appellate counsel's failure to give him all of the files and documents promptly after his appeal concluded. Second, he contends that prison officials caused a delay by confiscating his legal documents from the jail house lawyer who was preparing documents for him inasmuch as he is incompetent. Third, Famous asserts that he has very limited access to the law library. Finally, he reiterates that he was mentally incompetent and unable to file his Wis. Stat. §

974.06 motion. Given this circuit's preference for stay and abeyance, especially when denial "will effectively end any chance at federal habeas review," this court cannot say that Famous fails to meet the Rhines standard. Assuming without finding that he was in fact mentally incompetent and incapable of filing his Wis. Stat. § 974.06 motion until now, this court cannot say that Famous's ineffective assistance of counsel claims are meritless. Consequently, his motion for stay and abeyance will be granted.

II. MOTION FOR AN ORDER THAT STATE PAY FOR LEGAL EXPENSE
OR GRANT PETITIONERS LEGAL LOAN REQUEST

On October, 28, 2010, Famous filed a motion asking this court to order the Wisconsin Resource Center to pay his legal expense or grant his request for a legal loan. The Wisconsin Department of Corrections legal loan provision provides:

> DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1). Famous is responsible for managing his own legal loan. The Seventh Circuit has confirmed that the DOC legal loan statute "is not intended

for the funding of prisoners' suits." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). In *Lindell*, the court explained,

> the loans authorized by the statute are not 'funds which are disbursed or credited to an inmate's account to be used as he wishes' but rather 'simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit.' And Lindell has 'no constitutional entitlement to subsidy,' *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id.* Therefore,

IT IS ORDERED that the motion for extension of time to file amended petition (Doc. # 9) is granted and Famous's Second Amended Petition for Writ of Habeas Corpus (Doc. # 13) is stricken.

IT IS FURTHER ORDERED that the motion for stay and abeyance (Doc. # 16) is granted. Famous's previously filed motion for stay and abeyance (Doc. # 3) is denied as moot.

IT IS FURTHER ORDERED that the motion for an order that state pay for legal expense or grant petitioner's legal loan request (Doc. # 17) is denied. Famous's previously filed motion for order (Doc. # 4) is denied as moot.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE