UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE L. FAMOUS,

    Petitioner,

  v.           Case No. 10-C-0707

BYRAN BARTOW,

    Respondent.

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF MOTION FOR LEGAL EXPENSES TO BE PAID FROM RELEASE ACCOUNT (DOC. 27), ORDER DENYING PETITIONER'S MOTION FOR LEGAL EXPENSES TO BE PAID FROM RELEASE ACCOUNT (DOC. 28), AND ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION (DOC. 29)

  On January 25, 2013, this court ordered Ronnie Famous to return to state court within sixty days to pursue his state court claims and set a deadline for returning to the district court to pursue his habeas petition. In addition, the court denied Famous's motion for the legal expenses to be paid from his release account on the ground that he already paid the $5 filing fee for the habeas petition. Famous has since filed a motion for reconsideration of his motion for legal expenses to be paid from his release account and a separate motion for legal expenses to be paid from release account. In addition, on March 28, 2013, Famous filed a motion for an extension of time to return to state court because he could not finish the state petition by the deadline imposed by this court.

  At the outset, Famous asserts that the court "is for some reason unknown to the petitioner under the mistaken opinion that petitioner wants to use his release account to pay a $5 filing fee, which is not correct." Famous is mistaken. The order clearly states that Famous has paid the $5 filing fee and this case is administratively closed. The January 25, 2013, order explains that to the extent he seeks the release of funds to pay the filing fee or other expenses in state court, he should direct his request to that court. (Doc. 26.)

In any event, "[i]t is indisputable that indigent inmates must be provided at state expense" with the basic material necessary to draft legal documents and with stamps to mail them. *Bounds v. Smith*, 430 U.S. 817, 824, 97 S. Ct. 1491, 1496, 52 L. Ed.2d 72 (1977). However, that prisoners have a right of access to the courts does not mean they have a right to unlimited free postage. *See Bach v. Coughlin*, 508 F.2d 303, 307 (7th Cir.1974). Prison authorities are able to make "a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations." *Id.*; *see also Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986). Now, therefore,

IT IS ORDERED that Famous's motion for reconsideration of petitioner motion for legal expenses to be paid from release account is denied.

IT IS FURTHER ORDERED that Famous's motion for legal expenses to be paid from release account is denied.

IT IS FURTHER ORDERED that Famous's motion for extension of time is granted. Famous must return to state court within thirty days of this order to pursue his state court claims.

IT IS FURTHER ORDERED that upon receipt of the final decision of the state courts, Famous must return to federal court within thirty days to proceed in this case.

Failure to comply with these time limits may result in the dismissal of this action with prejudice.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

2