UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE L. FAMOUS,

       Petitioner,

v.                                                                     Case No. 10-C-707

SUSAN NOVAK,

       Respondent.

## SCREENING ORDER

Petitioner Ronnie L. Famous filed a petition pursuant to 28 U.S.C. § 2254 on August 17, 2010, asserting that his state court conviction and sentence were imposed in violation of the Constitution. While his petition is old, his conviction is significantly older. Petitioner was convicted of four counts of first-degree sexual assault of a child and one count of exposing a child to harmful materials in Racine County Circuit Court. He was initially sentenced to life without parole, and on January 21, 2000, he was sentenced to 168 years of confinement. On October 28, 2010, Petitioner filed two amended petitions and a motion for stay and abeyance. After concluding that Petitioner failed to exhaust his remedies in state court, the court ordered this case stayed and administratively closed on January 31, 2011, to allow Petitioner to pursue his unexhausted claims. Petitioner has since appeared to have exhausted his state court remedies, and on December 19, 2018, the case was transferred to the undersigned. On February 13, 2019, Petitioner filed an amended petition as well as a brief in support of his amended petition. He has also filed a motion to file excess pages. Because his brief does not exceed the thirty page limit, the motion will be denied as moot.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner asserts two grounds for relief. First, he alleges his post-conviction counsel was ineffective in failing to argue that trial counsel was ineffective for not calling three alibi witnesses and in failing to investigate his claim that his trial counsel retaliated against him and misrepresented that the alibi witnesses refused to testify. Famous' Wis. Stat. § 974.06 post-conviction motion contained signed declarations from two witnesses asserting that they planned to testify on Famous' behalf but were told by Famous' trial counsel that he would not call them at trial because their testimony would hurt Famous' case. Famous contends that he told his post-conviction counsel that trial counsel retaliated against him for having sought counsel's discharge at trial. From the face of the petition, the court cannot conclude that these claims lack merit. Although there is generally no constitutional right to effective post-conviction counsel during collateral proceedings, *see* 28 U.S.C. § 2254(i), the court questions whether filing a Wis. Stat. § 974.02 post-conviction motion is a collateral proceeding and therefore outside the scope of § 2254(i). *See Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir. 2009). Accordingly, Petitioner will be allowed to proceed on these ineffective assistance of post-conviction counsel claims.

2

Second, Petitioner claims the state courts violated his Fifth and Sixth Amendment right to present a defense when they denied his motion to subpoena witnesses for the *Machner* hearing and when they failed to address his motion for a continuance to provide the circuit court with the address of one of the witnesses. At the *Machner* hearing, for reasons that are not apparent, the circuit court did not allow Famous to subpoena his purported alibi witnesses and instead made findings based solely on the testimony of post-conviction counsel and Famous. The court will allow Famous to proceed on this ground as well.

Even though the court is unable to conclude that it is plainly apparent that Petitioner is not entitled to relief, the court notes that the petition may be barred by the statute of limitations under 28 U.S.C. § 2244(d). According to the records of the Wisconsin Court of Appeals and the Wisconsin Supreme Court, Petitioner was sentenced on December 4, 1998. It appears that large gaps of time may have elapsed when no motion for State post-conviction or other collateral review was pending. In any event, because the court cannot conclude from the face of the petition that it is time-barred, the respondent shall answer the petition.

**IT IS THEREFORE ORDERED** that this case is **REOPENED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to file excess pages (ECF No. 43) is **DENIED AS MOOT**.

**IT FURTHER IS ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's

3

answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] (NEF) to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary.[2] The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   15th   day of February, 2019.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.